IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOY HICKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-1236-CV-S-MJW |
| | ) | |
| ALPINE ASSET MANAGEMENT GROUP, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This case arises from a Missouri state law action filed by defendant Alpine Asset Management Group, LLC (hereinafter "Alpine"), against plaintiff Joy Hickman (hereinafter "Hickman"). Alpine, as plaintiff in the Missouri state law case, alleges that Hickman had a credit card account with original creditor and predecessor HSBC Bank Nevada NA; that Hickman failed to pay for charges incurred on the account; and that Hickman was liable for an outstanding balance. The Petition was accompanied by an Affidavit in Support of Alpine's claim. Hickman answered by denying Alpine's allegations and raising a number of affirmative defenses.

The parties then exchanged discovery. In response to Hickman's discovery requests, Alpine acknowledged it was not the original creditor and, as such, did not have at the time of filing all of the account's documentation within its possession. Thereafter, Hickman filed a counterclaim in Missouri state court alleging, among other things, that Alpine had violated the Fair Debt Collection Practices Act (hereinafter "FDCPA") by failing to undertake a reasonable investigation into the account records underlying the claim by filing suit when it knew it could not prove the allegations, and by using false, deceptive, and misleading affidavits to prosecute collection actions. Hickman alleged violations of sections 1692(d), 1692(e), and 1692(f) of Title 15, United States Code. Hickman also requested class certification.[1]

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

On December 7, 2011, Alpine moved to dismiss, without prejudice, its underlying claim in Missouri state court. On December 9, 2011, Alpine filed in the United States District Court for the Western District of Missouri its Notice of Removal, resulting in the instant case. On December 20, 2011, Alpine filed an answer denying Hickman's allegations and the propriety of class certification. Alpine also raised several affirmative defenses. On December 21, 2011, Alpine filed a motion to realign the parties, advising the Court that the nominal position of the parties had changed due to the dismissal of the underlying claim brought by Alpine and the continued existence of only Hickman's counterclaim. On April 16, 2012, this Court granted the motion, thereby designating Hickman as the plaintiff in this action and Alpine as the defendant.

Currently before the Court is Alpine's June 6, 2012 motion for summary judgment. Hickman has filed suggestions in opposition and Alpine has filed reply suggestions in support.

## Discussion

Plaintiff Hickman's complaint alleges that defendant Alpine violated the FDCPA when it used false, misleading, and aggressive tactics to collect on Hickman's alleged debt and that Alpine cannot prove that the debt is due and owing. Hickman alleges that not only did Alpine not have the original documents verifying the debt at the time it filed a collection suit in state court, it never intended nor could corroborate and prove its case against Hickman. Hickman also asserts the documents submitted by Alpine in support of its claims are inadmissible because they are hearsay.

Defendant Alpine's motion for summary judgment argues that it did not violate the FDCPA by filing a collection suit with only minimal proof in hand at the time of the filing. Defendant argues that case law supports that filing of a debt-collection lawsuit without the immediate means of proving the debt does not violate the FDCPA. Defendant also argues the affidavits provided in support of its motion for summary judgment and in support of its right to file a debt-collection lawsuit against Hickman are not barred as hearsay. Defendant argues that there is no dispute of material fact, and it is entitled to judgment as a matter of law on Hickman's FDCPA claims.

## Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

2

trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact."  City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial.  Celotex, 477 U.S. at 323.  Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact."  Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

**Federal Debt Collection Practices Act**

"The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors,'. . . and debt collectors are liable for failure to comply with 'any provision' of the Act."  Dunham v. Portfolio Recovery Associates, LLC., 663 F.3d 997, 1000 (8th Cir. 2011).  See also 15 U.S.C. § 1692 (purpose of the act) and § 1692k (civil liability by debt collectors for violation).

Here, the provisions of the FDCPA that are alleged to have been violated by defendant are those which preclude harassment and abuse, false or misleading representations in attempt to collect a debt, and unfair practices in attempt to collect a debt.  15 U.S.C. §§ 1692d-f.  When interpreting the FDCPA, the Court begins with the language of the statute itself.  Harvey v. Great Seneca Financial Corp., 453 F.3d 324, 329 (6th Cir. 2006).

Title 15 U.S.C. **§** 1692d is the section of the FDCPA which discusses what constitutes harassment and abuse and thus violates the FDCPA.  Specifically section 1692d states:

3

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> **(1)** The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> **(2)** The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> **(3)** The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
>
> **(4)** The advertisement for sale of any debt to coerce payment of the debt.
>
> **(5)** Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> **(6)** Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

The relevant section of Title 15 U.S.C. § 1692e precluding false or misleading representations in attempt to collect a debt specifically states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (2) The false representation of—
>
> > (A) the character, amount, or legal status of any debt; or
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

The relevant section of Title 15 U.S.C. § 1692f precluding unfair practices in collection of a debt states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

4

In determining whether any particular conduct violates the provisions of FDCPA, the courts have used an objective test based on the least sophisticated consumer. Harvey at 329.

**Section 1692d**

Plaintiff Hickman alleges defendant Alpine violated section 1692d when it filed a collection lawsuit against her, as well as other collection suits, under circumstances in which defendant knew it would be unable to prove its claims. Plaintiff alleges defendant repeatedly fails to conduct reasonable inquires into the veracity and validity of its information it purchases from original creditors, and filed the collection suit against plaintiff before having the immediate means of proving the debt. Plaintiff alleges this is harassing and abusive behavior, in violation of section 1692d.

The leading case on the claim asserted by Hickman is Harvey v. Great Seneca Financial Corp., 453 F.3d 324 (6th Cir. 2006). The Harvey case discusses the standard for determining whether a debt collector's conduct is such that the natural consequence of it is to harass, oppress, or abuse any person in connection with the collection of a debt. Further, Harvey addresses the issue of whether a jury trial is required in order to determine whether the debt collector's conduct meets the standard. The Harvey court, while recognizing that the question of whether conduct harasses or oppresses or abuses is ordinarily a question for the jury, determined that summary judgment could nonetheless be granted if the alleged facts fail to have the natural consequence of harassing or abusing the debtor. 453 F.3d at 330. Applying this standard, the Harvey court found that summary judgment should be granted to the defendant debt collector. The court found that "[e]ven when viewed from the perspective of an unsophisticated consumer, the filing of a debt-collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor." Id. This determination precluded the claim of the plaintiff (debtor) under section 1692d.

Other courts have agreed with the holding of Harvey. In Mansfield v. Midland Funding LLC, 2011 WL 1212939 *5 (S.D. Cal. March 30, 2011), the court found that "a debt collector may file a debt collection action even if the debt collector does not at the time of filing have adequate proof to support the claim." The court noted that the plaintiff could not provide the court with any case law that supports a cause of action under the FDCPA for failure to conduct a reasonable pre-suit investigation to ensure that the debt claim was not time barred. Id. A Michigan Court, in Lipa v. Asset Acceptance, LLC., 572 F. Supp. 2d 841, 850 (E.D. Mich.

2008), cited to Harvey in support of its decision dismissing an FDCPA action for failure to state a claim. The court found the debtor's allegations that the debt collector, who filed suit against the debtor without having a copy of the credit agreement, did not violate the FDCPA. The court found that these actions, without more, did not amount to harassing or an oppressive act in violation of 15 U.S.C. § 1692d.

Here, the allegations of Hickman are virtually identical to those alleged in Harvey and this Court finds the Harvey decision persuasive; the mere filing of a collection lawsuit against a debtor prior to obtaining sufficient evidence to prove the claim, does not violate the FDCPA, section 1692d. As set forth in Rule 11 of the Federal Rules of Civil Procedure, an attorney is not required to ensure that their client can prove its case before filing; rather, the rule mandates only that "the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after reasonable opportunity for further investigation or discovery." This Court sees no reason to require otherwise in a debt-collection suit. Moreover, the Court does not believe the filing of a lawsuit to collect a debt, based on documents bought and received from the creditor and/or another debt-collection agency, is harassment or abuse of a debtor. Hickman does not allege any specific acts of harassment or abuse perpetrated by Alpine. Instead, like the plaintiff in Harvey, Hickman alleges that Alpine engaged in harassing and abusive conduct by filing suit against her with only minimal proof. Like the defendant in Harvey, Alpine admitted it did not immediately have all the documentation it would need to prove its claim at the time it filed suit.

This Court finds there is no dispute of material fact. Although Alpine concedes it did not have in its possession at the time it filed the lawsuit, sufficient evidence to prove its claim, Alpine did have a good faith basis and prima facia evidence to support the filing of the suit. In fact, Alpine had more evidence to support its claim than that held by the defendant in Harvey. Alpine supported its claim with an affidavit from one of its own representatives stating he was the custodian of Alpine's business records and that according to the records received from the original creditor, Hickman was indebted to Alpine for a certain balance. This signed, sworn affidavit is more probative of Hickman's indebtedness than the minimal post hoc documents submitted by the debt collector in Harvey. Accordingly, because Hickman has failed to come forward with evidence to support a viable claim under section 1692d, Alpine's summary judgment motion on Hickman's section 1692d claims is granted.

**Section 1692e**

This section of the FDCPA prohibits the use of misrepresentations or deception to collect or attempt to collect a debt. Hickman alleges that by filing suits with only minimal evidence; filing suits prior to conducting a reasonable investigation into the information it obtains from the original creditors; and filing false or misleading affidavits in the suits it files, violates section 1692e.

In a recent case in the District of Nebraska, the court applied the standard of Harvey to claims that the debt collector used deceptive means to collect the debt. See Carlson v. Credit Management Services, Inc., 2012 WL 869946 *4 (D. Neb. March 14, 2012). In applying this standard, the Nebraska court held that the debtor's claims that the debt collector needed to offer proof that it owned the debt at the time it filed a state court collection suit was without merit. Id.

The Harvey court, as set forth above, was faced with similar circumstances as the case here. The Harvey court, quoting Deere v. Javitch, Block, and Rathbone, L.L.P., 413 F. Supp. 2d 886, 890 (S.D. Ohio 2006), held that:

> filing a lawsuit supported by the client's affidavit attesting to the existence and amount of a debt, is not a false representation about the character or legal status of the debt, nor is it unfair or unconscionable. A defendant in any lawsuit is entitled to request more information and detail about a plaintiff's claim, either through formal pleadings challenging a complaint, or through discovery. [The debtor] does not allege that anything in the state court complaint was false, or that the complaint was baseless. [The debtor] essentially alleges that more of a paper trail should have been in the lawyers' hands or attached to the complaint. The FDCPA imposes no such obligation.

453 F.3d at 331.

Here, like the plaintiffs in Harvey and Deere, Hickman does not deny owing the debt, nor does she claim the amount was inflated or misstated. Plaintiff makes only generalized allegations of deception unsupported by fact and well short of the level of deceptive practices which courts have found violate the FDCPA. See Harvey at 331 (examples of conduct that other courts of appeals have deemed deceptive include impersonating a public official, and falsely representing that unpaid debts will be referred to an attorney).

There is one distinction in this suit from that of Harvey. Plaintiff here alleges that Alpine filed false or misleading affidavits. Specifically, Hickman alleges that Alpine's original affidavit filed in support of the lawsuit stated that the debt was purchased from the original creditor, when, in fact, later in the discovery process it was determined that the debt was purchased from another

debt-collection company. This court finds that such allegation of deception certainly is not the kind referenced section 1692e. While the original affidavit was incorrect and/or misrepresented from whom Alpine purchased the debt, the affidavit provided correct information as to the account on which it sought to collect, namely who the original creditor was and what the account number was and the amount owed. Accordingly, the misrepresentation by Alpine that the account was purchased from the original creditor, HCC, is not a material issue. Misstatements which are not material cannot mislead even an unsophisticated consumer and, therefore, do not violate FDCPA. See Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033-34 (9th Cir. 2010) (holding that false and misleading statement does not violate FDCPA unless the statement is material).

To the extent that Alpine's complaint filed with the Circuit Court of Polk County, Missouri, sought a judgment in the amount of $5,092.22, plus pre-petition interest, while the demand letter requested such amount differently (the demand letter sought payment of $5,792.85 which is the total due and owing on the debt, plus 9 percent prejudgment interest), it does not support a violation of the FDCPA. This allegation is not the kind of misrepresentation set forth in section 1692d or consistent with the kind of misrepresentation that courts have found violate the FDCPA.

### Section 1692f

This section of the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Here, Hickman alleges that by failing to conduct a reasonable inquiry into information received from the original creditor, by attempting to collect amounts in excess of the principal balance owed by Hickman in the absence of an express agreement, and by using false or misleading affidavits, Alpine violated section 1692f.

Just as with Hickman's other claims under sections 1692d and 1692e, there is no law or case law supporting her claims. The filing of a lawsuit, supported by the affidavit of Alpine attesting as to how and from whom the debtor's account was purchased, including account number, original creditor and the amount of the debt, is not a false representation about the character or legal status of a debt, nor is it unfair or unconscionable. A defendant in any lawsuit is entitled to request more information or details about a plaintiff's claim, either through formal pleadings challenging a complaint, or through discovery. Although Hickman alleges the

affidavits were false in that there were several inconsistencies in the documents received during discovery as to whether Alpine purchased the debt from the original creditor or from other credit collection agencies, such conflicting information is not material to whether Alpine could legally collect the debt.  Further, as asserted by Alpine, if the discovery process would have been completed in the state court collection action, this incorrect information would have been corrected during and through the discovery process.  This is supported by the fact that at completion of discovery in this case, Alpine has obtained and provided documents supporting its case.  Alpine has provided documents showing Hickman's account with the original creditor which would have supported its case in the state court collection case.  These documents show Hickman's account with the original creditor and assignor HSBC, the transfer of Hickman's account, and affidavits describing the process of acquiring and examining records kept in the business of debt purchasing.

Additionally, had Alpine alternatively discovered in the state court action, through the documents produced, that it lacked sufficient factual basis upon which to proceed in that action, Missouri state court rules would have allowed Alpine to dismiss the case, with or without prejudice.  Such opportunity for dismissal supports that the filing of the collection suit in state court by Alpine was not unfair or an unconscionable means to collect or attempt to collect a debt.

Hickman's allegations in this case are that Alpine should be required to have had more of a paper trail attached to the complaint filed in the state court debt collection action.  The FDCPA does not impose such an obligation.  See Deere, 413 F. Supp. 2d at 891.  Here, plaintiff has failed to come forward with evidence to show the conduct of Alpine in filing the state court collection action was unfair or unconscionable.  As set forth above, Alpine has shown it did have sufficient documents to support its collection claim against Hickman in state court proceedings; and moreover, if, alternatively, Alpine discovered it lacked sufficient factual basis upon which to proceed in that action, Missouri state court rules would have allowed Alpine to dismiss the case, with or without prejudice.  These undisputed facts are insufficient to support that the filing of the state court collection action by Alpine violated section 1692f.

### Admissibility of Affidavits

Upon review, Hickman's assertion that Alpine failed to authenticate the business records of HSBC Retail Services because no supporting affidavits were signed by the original creditor HSBC Retail Services is without merit.  First, the documents are submitted in this action not to

9

show that Hickman actually owes the debt, but rather to show that Alpine did not violate the FDCPA; therefore, the documents are not submitted for the truth of the matter asserted in the documents and are not hearsay. See Krawczyk v. Centurion Capital Corp., 2009 WL 395458 *3-4 (N.D. Ill. 2009) (unpublished) (to extent the information in the documents showed state of mind of collection company in instituting debt-collection proceedings, the documents were not hearsay).

     Moreover, this Court finds that the documents also fall under the business records exception to the hearsay rule. To lay an adequate foundation under the business records exception, the custodian of records need not have personal knowledge of the circumstances in which acquisition, use and filing occurred. See United States v. Adefehinti, 510 F.3d 319, 326 (D.C. Cir. 2007). In Adefehinti, the court determined that although the bank certificate of authenticity for documents was not based on familiarity with the specific transaction, but rather on knowledge of the bank's processes and relationship with mortgage brokers and on the fact that the documents were in the bank file, the documents were admissible under the business records exception. Id. The affidavits in this case are of the same nature as those in Adefehinti. While the affidavits are not directly from the original creditor, they are provided by company persons who have knowledge of company processes and relationship with original creditors, and how charged-off receivables are sold and purchased from original creditors. Specifically, the affidavits of Adam Schoener and Holly Kerns were made in the regular course of business, were made at or near the time of the events recorded, and the records were transferred to both CACH and Alpine in the regular course of their respective businesses. This fulfills the elements of the business records exception set forth in Federal Rule of Civil Procedure 803. This Court finds that the records of Alpine were sufficiently authenticated under the business records exception to the hearsay rule. Fed. R. Civ. P. 803. See Beal Bank, SSB v. Eurich, 444 Mass. 813, 819 (Mass. Sup. Ct. 2005) ("the bank need not provide testimony from a witness with personal knowledge regarding the maintenance of the predecessors' business records. The bank's reliance on this type of record-keeping by others renders the records the equivalent to the bank's own records. To hold otherwise would severely impair the ability of assignees of debt to collect the debt due because the assignee's business records of the debt are necessarily premised on the payment records of its predecessors.").

## Conclusion

Although Hickman is disputing the collection action against her under the FDCPA, there are no material facts which dispute the account is Hickman's, the amount owed by Hickman on the account, or that Alpine properly owns the account. The fact that Alpine filed a state court collection claim against Hickman attempting to collect on the charged-off receivable account of Hickman, with only an affidavit in support of the claim, does not change Alpine's prima facia collection case to a violation of the FDCPA. As set forth above, there is no dispute of material facts, and the facts fail to establish that Alpine violated the FDCPA in filing the state court collection lawsuit against Hickman. A reasonable jury could not conclude, based on the undisputed material facts in this case, that the actions of Alpine constituted harassment, oppression, or abuse of Hickman in connection with Alpine's collection of Hickman's debt.

IT IS, THEREFORE, ORDERED that the motion of defendant Alpine Asset Management Group, LLC, for summary judgment is granted and the claims of plaintiff Joy Hickman are dismissed. [15]

Dated this 14th day of September, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge