IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

**JOY HICKMAN,**

                Plaintiff,

vs.

**ALPINE ASSET MANAGEMENT GROUP, LLC**

                Defendant.

Case No. 11-1236-CV-S-MJW

**PLAINTIFF'S MOTION TO ALTER, AMEND, OR VACATE ORDER ON MOTION FOR SUMMARY JUDGMENT**

**AND PLAINTIFF'S MOTION TO REMAND**

**COMES NOW,** Plaintiff Joy Hickman, by and through attorney Donald M. Brown of Douglas, Haun & Heidemann, P.C., and pursuant to Federal Rule of Civil Procedure 59(e), hereby moves this Court to vacate its prior Order in favor of Defendant on Motion for Summary Judgment; and in addition, pursuant to 28 U.S.C. §§ 1332, 1441, and 1447(c), hereby moves this Court to remand this case to the Circuit Court of Polk County, Missouri; and in support thereof states as follows:

1. Defendant originally filed this civil collections suit (as Plaintiff) against the Plaintiff (as Defendant) in the Circuit Court of Polk County, MO (Associate Division) on or around May 27, 2011.

2. On or around November 9, 2011, Joy Hickman filed her Counterclaim against Alpine Asset, with one count of the Counterclaim based upon violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

3. On or around December 7, 2011, Alpine Asset voluntarily dismissed its claims against Joy Hickman, leaving only the Counterclaim unresolved in the State Court.

4. On or around December 9, 2011, Alpine Asset filed a Notice of Removal pursuant to 28 U.S.C. § 1441.

5.  On or around December 21, 2011, Alpine filed its Motion to Realign the Parties, thus leading to the current style of the case as Joy Hickman v. Alpine Asset Management, LLC.

6.  On or around June 6, 2012, Alpine Asset filed its Motion for Summary Judgment in this case; and said Motion for Summary Judgment was granted by the Court by Order dated September 14, 2012.

7.  Less than twenty-eight (28) days have passed since the entry of the Court's Order granting summary judgment in favor of Alpine Asset on September 14, 2012; and this Court may entertain the instant motion to vacate the Order and remand this case back to State Court pursuant to FRCP 59(e) and 12(h)(3); and pursuant to 28 U.S.C. § 1447(c).

8.  Twenty-Eight U.S.C. § 1447(c) allows for filing of a motion to remand at any time (even after thirty (30) days from removal) if the motion is based upon lack of subject matter jurisdiction (as is the case here). See also, Wisconsin DOC v. Schacht, 524 U.S. 381, 392 (1998); Capital One Bank v. Ponte, 2011 WL 2433480 at *1-3 (E.D. Mich. 2011); Townsel v. Kansas City Area Transportation Authority, 2008 WL 2518567 at *1-2 (W.D. Mo. 2008).

9.  For reasons that will be briefed below, Plaintiff in good faith submits to the Court that subject matter jurisdiction was never obtained by the Western District of Missouri on this case; and that therefore the Order granting summary judgment in favor of Alpine Asset on September 14, 2012 may be properly vacated; and this action properly remanded back to the Circuit Court of Polk County, MO. See, Capital One Bank (USA), NA v. Ponte, 2011 WL 2433480 (E.D. Mich. May 26, 2011) (remanding debt collection case involving FDCPA counterclaim for lack of subject matter jurisdiction).

10. Plaintiff in good faith submits that the Defendant lacked authority to remove this case under § 1441. See, Ponte, 2011 WL 2433480; See also, *Honorable Judge Whipple's Order in* Arrow Financial Services, LLC v. Williams, (W.D. Mo. – Case No. 10-CV-S-3416-DW, dated 1/20/2011 and attached hereto as Exhibit "A").

11. More specifically, § 1441(a) confers a right upon a traditional "defendant" to remove based upon federal jurisdiction; however, a counter-defendant is not a "defendant in the traditional sense" and lacks authority to remove under § 1441(a).

12. Additionally, Alpine Asset's original Petition did not raise a federal question (it was merely a civil debt collections petition); and Alpine Asset's removal of this case in any event was improper as violative of the well-pleaded complaint rule.

13. Finally, even assuming, *arguendo*, that the foregoing facts do not by themselves justify vacation of the prior Order and remand back to Sate court; Alpine Asset never

established diversity of citizenship in that Alpine Asset (as a limited liability company) never disclosed the identity and citizenship of each of its members.

14. Based upon the foregoing, this Court never obtained subject matter jurisdiction over this case; and it is proper for the Court to vacate its Order of judgment in favor of Alpine Asset and to remand the case back to the Circuit Court of Polk County, MO.

**WHEREFORE,** Plaintiff respectfully moves this Court to grant Plaintiff's Motion to Vacate its prior Order of judgment in favor of Alpine Asset; and to remand this case back to the Circuit Court of Polk County, Missouri.

## SUGGESTIONS IN SUPPORT OF DEFENDANT'S MOTION TO VACATE PRIOR ORDER AND TO REMAND BACK TO STATE COURT

*Introduction*

The issues presented by Plaintiff's foregoing Motion to Remand are: (i) whether Joy Hickman may still challenge (and this Court still review) subject matter jurisdiction in the instant case, and thus whether or not it is proper to vacate the Order granting Alpine Asset summary judgment and to remand this case; and (ii) whether or not Alpine Asset, as a "counter-defendant" had the authority to remove a case originally filed by the counter-defendant (as Plaintiff) in State Court. As stated more fully below, subject matter jurisdiction can never be waived or forfeited; and the Court may (and should) dismiss or remand a case at any time it determines that it lacks subject matter jurisdiction. See, Federal Rule of Civil Procedure 12(h)(3); and see also, US v. Cotton, 535 US 625, 630 (2002).

In the Western District of Missouri, the second issue has already been visited and answered by the Honorable Judge Dean Whipple in the case styled Arrow Financial Services, LLC v. Williams, W.D. Mo. Case No. 10-3416 (Order of 1/20/2011 attached hereto as Exhibit "A"). In fact, as the Court will see upon a review of the attached Exhibit "A," the Arrow

Page 3 of 10
Case 6:11-cv-01236-MJW   Document 29   Filed 10/01/12   Page 3 of 10

Financial case identified above contains facts almost identical to the instant case. Joy Hickman thus respectfully submits to this Court that Alpine Asset (even though it is a "counter-defendant" and had dismissed its State claims against Joy Hickman prior to filing for removal) was without authority at all relevant times to remove pursuant to § 1441; and that this Court never obtained subject matter jurisdiction to rule on any subsequent motions filed by Alpine Asset, including the Order granting summary judgment in favor of Alpine.

*Standard of Review-Remand*

Under 28 U.S.C. § 1447(c), "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." <u>Wisconsin DOC v. Schacht</u>, 524 U.S. 381, 392 (1998) (remand for lack of subject matter jurisdiction may occur without a motion to remand and at any time). Upon removal, it is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. <u>Townsel v. Kansas City Area Transportation Authority</u>, 2008 WL 2518567 at *1 (W.D. Mo. June 19, 2008)(Judge Gaitan) (internal citations omitted). The removal statute is to be narrowly construed, and any doubt the propriety of removal is resolved in favor of state court jurisdiction. <u>Id</u>. (internal citations omitted).

<u>*This Court's Order Granting Summary Judgment in Favor of Alpine Asset is Not Final; and Challenge to Subject Matter Jurisdiction May Still be Asserted*</u>

In the instant case, the Court's Order granting summary judgment in favor of Alpine Asset was entered on September 14, 2012. Federal Rule of Civil Procedure 59(e) by itself grants this Court with authority to alter or amend its judgment for twenty-eight (28) days after the

judgment is entered. Notwithstanding the authority granted by FRCP 59(e), the notion that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. FRCP 12(h)(3) instructs: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." See, Arbaugh v. Y&H Corp., 546 U.S. 500, 507 (2006); see also, Kontrick v. Ryan, 540 U.S. 443, 455 (2004).

Furthermore, the issue of subject matter jurisdiction cannot be forfeited or waived by a party, as the same is a "primary and an absolute stricture on the court." See, US v. Cotton, 535 US 625, 630 (2002); Bueford v. Resolution Trust Corporation, 991 F.2d 481, 485 (8th Cir. 1993); Prairie Island Dakota Sioux v. Kreig, 21 F.3d 302, 304 and 305 (8th Cir. 1994); and "[n]ot only *may* a court raise subject matter jurisdiction *sua sponte*, it must." CMS N. Am., Inc. v. DeLorenzo Marble & Tile, Inc., 521 F.Supp.2d 619, 632 (W.D. Mich. 2007). Finally, 28 U.S.C. § 1447(c) allows for filing of a motion to remand at any time (even after thirty (30) days from removal) if the motion is based upon lack of subject matter jurisdiction (as is the case here). See also, Wisconsin DOC v. Schacht, 524 U.S. 381, 392 (1998); Capital One Bank v. Ponte, 2011 WL 2433480 at *1-3 (E.D. Mich. 2011); Townsel v. Kansas City Area Transportation Authority, 2008 WL 2518567 at *1-2 (W.D. Mo. 2008). Thus, for all of the foregoing reasons, this Court may entertain the present motion and vacate its Order granting summary judgment in favor of Alpine Asset; and this Court may dismiss this action upon a finding that subject matter jurisdiction is lacking and remand the same back to the Circuit Court of Polk County, MO.

Illustrative of this position is the Eastern District of Michigan's Opinion in Ponte, 2011 WL 2433480 (E.D. Mich. May 26, 2011). There, like here, a defendant debtor was sued for collection of debt. Id. at *1. There, like here, the defendant debtor filed a counterclaim asserting

violations of the Fair Debt Collection Practices Act ("FDCPA"). Id. Unlike here, the case was removed by the debtor. Id.

After removal, the district court, *sua sponte,* considered whether it had subject matter to hear the case. Id. at *2. The court determined that it did not, because federal law was implicated by defendant only in his defenses and counterclaim, and accordingly, the case was remanded to state court Id. at *3 and *4.

Here, the same analysis applies. The only federal question appears in Hickman's counterclaim. The fact that Alpine, and not Hickman, removed the case is irrelevant, as are the facts that Alpine's Petition was no longer pending and that the parties were realigned. Judge Whipple's opinion, discussed below, clearly makes this point. Accordingly, this case must be dismissed and remanded.

*Lack of Subject Matter Jurisdiction – Alpine Asset Management Group was never a "Defendant" with Authority to Remove*

It is an absolute given that federal courts are courts of limited jurisdiction; and that federal courts only have original jurisdiction under the following circumstances: (i) when a case involves a federal question; or (ii) when a case has parties that are diverse and where the amount in controversy exceeds $75,000.00. See, Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009); see also, 28 U.S.C. §§ 1331, 1332(a). Furthermore, 28 U.S.C. § 1441(a) grants defendants with the right to remove cases filed in State court to federal court when it can be proven that the federal court otherwise has original jurisdiction pursuant to §§ 1331 or 1332(a). However, the burden of proof for establishing removal is with the party seeking removal, and any and all doubts regarding removability are

resolved against removal from state courts. Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 872 (1941).

Further review of 28 U.S.C. § 1441(a) shows that the statute provides that an action originally filed in State court can only be removed by "the Defendant or Defendants." It is recognized that only "defendants in the traditional sense" are authorized by § 1441(a) to remove cases based upon federal question jurisdiction. First National Bank of Pulaski v. Curry, 301 F.3d 456, 462-63 (6th Cir. 2002). The Honorable Judge Whipple (in his Order attached hereto as Exhibit "A") has adopted the general rule that counterclaim defendants are not "defendants" within the meaning of the removal statute. See also, Palisades Collections, LLC v. Shorts, 552 F.3d 327, 333 (4th Cir. 2008); Capitalsource Fin., LLC v. THI of Columbus, Inc., 411 F.Supp. 2d 897, 900 (S.D. Ohio 2005); Creighton S. Joseph Reg'l Healthcare, LLC v. Omaha Constr. Indus. Health & Welfare Plan, 2008 WL 4861712, at *4 (D. Neb. 2008).

Because Alpine Asset was not a "defendant in the traditional sense" in the original State court proceedings (it was the Petition Plaintiff and a counter-defendant), it lacked authority at all relevant times to remove this case to this Court under § 1441(a); and this Court never obtained subject matter jurisdiction over the matters contained in Alpine's Petition or Joy Hickman's counterclaim.

*Lack of Subject Matter Jurisdiction – Violation of Well-Pleaded Complaint Rule - Joy Hickman's Counterclaim Cannot by Itself Create Federal Jurisdiction for Removal Purposes*

Even assuming, *arguendo*, that Alpine Asset in this case did in fact have the authority to remove this case pursuant to § 1441(a), the exercise of federal jurisdiction would still violate the well-pleaded complaint rule. Because Alpine Asset's original Petition does not itself raise a

federal question or otherwise give rise to original federal court jurisdiction, the well-pleaded complaint rule precludes federal jurisdiction; and Joy Hickman's counterclaim does not and cannot support removal based upon federal subject matter jurisdiction as a matter of law. See, Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 832 (2002); Napus Fed. Credit Union v. Campbell, 2010 WL 3581963, at *3 (E.D. Mo. 2010). Again, because Alpine Asset was the Plaintiff in the State court action, and because its Petition in the State court action did not create original federal court jurisdiction, there were never any grounds for removal of this action to federal court under § 1441(a) and the well-plead complaint rule; and this Court never obtained subject matter jurisdiction over the matters contained in Alpine's Petition or Joy Hickman's counterclaim.

*Lack of Subject Matter Jurisdiction – Alpine Asset Management Group, LLC Failed to Establish Complete Diversity of Citizenship*

Again, even assuming, *arguendo*, that all of the foregoing arguments are found by this Court to be without merit, the Alpine Asset Management Group, LLC (as a limited liability company) additionally failed to establish complete diversity for federal jurisdiction by failing in its Motion for Removal to identify and prove the location of citizenship of all of its members. In order for a limited liability company to establish original federal jurisdiction based upon complete diversity, the party asserting diversity jurisdiction must set forth the citizenship of each **member** of the limited liability corporation. See, GMAC Commercial Credit, LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). The burden of proof for establishing removal is with the party asserting removal, and any and all doubts regarding removability are resolved against removal from state courts. Shamrock Oil and Gas Corp., 313 U.S. at 61.

Diversity must be complete. <u>Vasquez v. Alto Bonito Gravel Plant Corp.</u>, 56 F.3d 689 (5th Cir. 1995).

Because Alpine Asset, as a limited liability company, failed to establish complete diversity of citizenship with regards to each of its members, there were never any grounds for removal of this action to federal court under § 1441(a); and this Court never obtained subject matter jurisdiction over the matters contained in Alpine's Petition or Joy Hickman's counterclaim.

## *Conclusion*

For all of the foregoing reasons, this Court's prior Order granting summary judgment to Alpine Asset in the instant case should be altered, amended, and vacated; and this action should be dismissed and remanded back to the Circuit Court of Polk County, MO, as this Court has never had subject matter jurisdiction over the same.

**Respectfully Submitted,**

**DOUGLAS, HAUN & HEIDEMANN, P.C.**
111 West Broadway, P. O. Box 117
Bolivar, Missouri 65613-0117
Telephone: (417) 326-5261
Fax: (417) 326-2845
Email: dbrown@bolivarlaw.com

By  /s/ Donald M. Brown
    **Donald M. Brown**
    Missouri Bar No. 57652

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of the foregoing document has been served upon all necessary parties through the ECF filing system contemporaneously with the filing of the same on the 1st day of October, 2012.

By  /s/ Donald M. Brown