# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JOY HICKMAN,<br>   Plaintiff,<br><br>v.<br><br>ALPINE ASSET MANAGEMENT GROUP LLC,<br>   Defendant. | Case No. 11-1236-CV-S-MJW<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S SUGGESTIONS TO ALTER, AMEND OR VACATE ORDER GRANTING SUMMARY JUDGMENT AND OPPOSITION TO MOTION TO REMAND |

  COMES NOW, Defendant Alpine Asset Management Group LLC, by and through its attorney, Charles L. Litow, and responds to Plaintiff's Motion to Alter, Amend or Vacate Order Granting Summary Judgment and opposes Plaintiff's Motion to Remand. In support thereof Defendant states:

## INTRODUCTION

  On or about May 27, 2011, Alpine Asset Management Group LLC (hereinafter Alpine) filed an action seeking a money judgment against Joy Hickman (hereinafter Hickman) in the Polk County, Missouri Circuit Court. Hickman subsequently filed a counterclaim against Alpine alleging violations of the Fair Debt Collection Practices Act (hereinafter FDCPA) 15 U.S.C.A. § 1692. On December 7, 2011 Alpine dismissed its claims against Hickman. Alpine sought removal to this Court on December 9, 2011. Hickman did not resist removal.

  On April 16, 2012 the Court realigned the parties at Alpine's request. Hickman was designated as the Plaintiff and Alpine as the Defendant. Hickman did not resist realignment despite being given the opportunity to do so. Alpine filed a motion for summary judgment on June 6, 2012. The Court granted Alpine's motion over Hickman's opposition on September 14,

2012. Hickman has filed a motion to vacate the order for summary judgment. Hickman also requests that the case be remanded to the state court. Alpine resists Hickman's motion as set forth below.

**SUGGESTIONS IN OPPOSITION TO HICKMAN'S MOTION TO REMAND**

Hickman's motion for remand claims that this Court lacks subject matter jurisdiction. The burden rests with Alpine to demonstrate that removal was proper. In re Bus. Men's Assur. Co. of Am, 992 F.2d 181, 183 (8th Cir. 1993). Traditionally, any doubts as to the propriety of removal are resolved in favor of state court jurisdiction. Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007). Federal courts, however, should "… be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." Wecker v. Nat'l Enameling & Stamping Co., 204 U.S. 176, 186 (1907).

In the case at hand, the sole pending issue at the time of removal was a question as to the application and interpretation of federal law, specifically the FDCPA. The only allegations were claims Hickman asserted against Alpine. Recognizing these facts, this Court properly realigned the parties to identify Alpine as defendant to this action. Removal was proper pursuant to 28 U.S.C. § 1441.

**I. This Court Has Federal Question Jurisdiction.**

At the time of removal on December 9, 2011, the only issues before the state court were Hickman's FDCPA claims. While Alpine's initial pleading in the state court proceeding set forth claims under Missouri state law, Alpine's complaint was dismissed on December 7, 2011. Alpine properly identified the basis for jurisdiction in its Notice of Removal.

Removal was proper under 28 U.S.C. § 1441(a), as federal question jurisdiction existed under 28 U.S.C. § 1331, because the claims Hickman asserted against Alpine arose under the laws of the United States, specifically the FDCPA. Section 1441(a) states,

> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of the defendants sued under fictitious names shall be disregarded."

Further, the FDCPA specifically provides, "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction…" 15 U.S.C. § 1692k(d). Federal courts have original jurisdiction to entertain claims arising under the FDCPA. Watson v. NCO Group, Inc., 462 F.Supp.2d 641, 646 (E.D. Pa. 2006).

Hickman argues that since Alpine's petition failed to set forth any federal questions, federal question jurisdiction was not established. As a general principal, Hickman is correct. Hickman argument, however, fails to consider the impact of Alpine's dismissal of its underlying claim and the ultimate realignment of the parties. Jurisdictional facts are assessed on the basis of the plaintiff's complaint as of the time of removal. Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008).

Alpine dismissed its claims against Hickman on December 7, 2011. Alpine's notice of removal was filed on December 9, 2011. At the time of removal Hickman's FDCPA allegations were the only claims pending and could no longer be considered counterclaims. After Alpine dismissed its claim, continuation of the suit depending solely on whether or not Hickman proceeded with the FDCPA claims. The court could determine at the time of removal that Hickman was the actual plaintiff and Alpine was the true defendant. See Ryan ex rel. Ryan v.

Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (finding that a court is not bound by the designations assigned to the parties).

**II. The Realignment of the Parties Resulted in Alpine Becoming a Proper Defendant for Removal Purposes.**

Alpine acknowledges that as a general rule a counterclaim defendant may not remove a case to federal court. Courts, however, have recognized exceptions in cases where the counterclaim remained the sole pending claim before the state court prior to removal. See Hrivnak v. NCO Portfolio Management, Inc., 723 F.Supp. 2d 1020, 1028 (N.D. Ohio 2010); Stewart v. Bureaus Investment Group #1, 2011 U.S. Dist. LEXIS 62360 (E.D. Ala. June 10, 2011); Passmore v. Discover Bank, 2012 U.S. Dist. LEXIS 82331 (N.D. Ohio June 14, 2012). Realignment of the parties from a state court action can confer subject matter jurisdiction to the federal court where no such jurisdiction existed at the inception of the lawsuit.

Hickman was the only party seeking affirmative relief in the case, as Alpine's case had been dismissed, at the time of removal. Thus, this Court could and in fact did in its order of April 16, 2012, recognize that Hickman was the proper plaintiff to the action and Alpine the defendant. The timing of the realignment is not important. Whether the alignment happened before or after removal, the proper parties were identified by the Court. This Court acted properly in evaluating the remaining claim and ultimately aligning the parties in accordance with the actual dispute. Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 70 (1941). Hickman's failure to resist the motion to realign and the validity of the order to align cannot be ignored.

**III. Hickman's Motion For Remand Should be Denied.**

To allow Hickman's motion after the adjudication of the case would be unduly prejudicial to Alpine. Not only did Hickman not oppose removal or realignment, Hickman participated in the federal litigation and only sought removal after judgment entry. How can this

conduct not be considered a waiver?  Even if the Court is not persuaded a waiver occurred, the law does not require the Court to remand.   Hickman's request from remand is nothing more than attempt to take a second bite at the proverbial apple. Hickman has offered nothing to suggest this decision was wrong or that a different result will occur in state court.  Since remand is not required and is clearly at the discretion of the Court, rewarding Hickman's conduct would make a mockery of these proceedings.

Litow & Pech, P.C.
/s/ Charles L Litow
Charles L Litow MBE # 60324
Attorneys for Defendant
PO Box 698
Festus MO, 63028
Tel 866-795-6375
Fax 319-362-3277
Email: missouri@litowlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served via the Court's Electronic Filing System this 18th day of October 2012:

Via ECF

Donald M. Brown

dbrown@bolivarlaw.com

ATTORNEY FOR PLAINTIFF

/s/ Charles L Litow