IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOY HICKMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>ALPINE ASSET MANAGEMENT GROUP, LLC<br><br>Defendant. | Case No. 11-1236-CV-S-MJW |

**COMES NOW,** Plaintiff[1] Joy Hickman ("Hickman"), through attorney Donald M. Brown of Douglas, Haun & Heidemann, P.C., and offers her Reply Suggestions to support her Motion to Alter, Amend or Vacate Order on Motion for remands (Doc. 29).

A. **Judge Whipple's Order in Arrow Financial Services, LLC v. Williams, 2011 WL 9158435 (W.D. Mo. Jan. 20, 2011) is directly on point and mandates remand**

In her Motion for Remand, (Doc. 29 at 4), Hickman attached as Exhibit "A" a copy of Judge Whipple's unpublished January 20, 2011 Order entered in Arrow Financial Services, LLC v. Williams, 10-CV-S-3416-RED. Because the Arrow Financial Order was initially unpublished and not available on Westlaw, Hickman was not aware of its existence until directed to the Order by attorneys involved in the Arrow Financial matter. Judge Whipple's Order in Arrow Financial is now available on Westlaw at 2011 WL 9158435 (W.D. Mo. Jan. 20, 2011).

The facts and legal issues are nearly identical to those present in the Arrow Financial case. There, like here, the initial debt collector plaintiff, Arrow Financial Services, LLC, ("Arrow") dismissed its collection petition against the initial defendant debtor, Williams. Arrow

---

[1] In light of the Court's Order realigning the parties (Doc. 11) and to avoid confusion, Plaintiff Hickman will refer to herself as "Hickman" instead of Plaintiff and refer to Defendant Alpine Asset Management Group as "Alpine."

1

Financial, 2011 WL 9158435 at *1. There, like here, the debt collector and its attorneys[2] removed the case and argued this court has federal question jurisdiction under 28 U.S.C. §1441(a) because at the time of removal, only the debtor's counterclaims under the federal Fair Debt Collection Practices Act FDCPA, 28 U.S.C. § 1692 *et seq.*, remained. Id. See also (Doc. 30 at 2-4).

All of these arguments were rejected by Judge Whipple in Arrow Financial and should be rejected here. Judge Whipple found that only traditional defendants, and not counterclaim defendants have the right to remove a case under §1441(a). Id. at *3 ("It is also painfully obvious that Arrow—as the Plaintiff—is not a defendant under § 1441(a). A plaintiff may not remove an action to federal court after that plaintiff filed its case in state court . . . the removal statute confers the right to remove squarely upon the defendant.") (Internal citations and quotations omitted.)

Further, Judge Whipple found that "even if the removing parties were original defendants, the exercise of federal jurisdiction would violate the well-pleaded complaint rule." *Id.* The well-pleaded complaint rule provides jurisdiction is established only if a federal question is on the face of the plaintiff's properly pleaded complaint. Id. at *2 (citing McLain v. Anderson Corp., 567 F.3d 956, 963 (8th Cir. 2009)). "Arrow's Petition does not raise a federal question, and the only basis for federal jurisdiction is found in Williams's counterclaims. Counterclaims, however, cannot create federal jurisdiction." Arrow Financial, 2011 WL 9158435 at *3.

Alpine advances the same arguments rejected by Judge Whipple without trying to distinguish the Arrow Financial case in its Response (Doc. 30). Tellingly, the Arrow Financial

---

[2] Arrow Financial differs in that the case was removed by the plaintiff debt collector's law firm (who had also been sued ); however, Arrow, the initial plaintiff debt collector, consented to the removal and argued, as Alpine does here, that the debtor's FDCPA counterclaim gives this Court federal jurisdiction to hear the matter. Arrow Financial, 2011 WL 9158435.

2

Order is not mentioned or discussed *at all* in Alpine's Response. The cases are indistinguishable, and the same reasoning applies. Alpine was the initial debt collector plaintiff who filed its case in state court against the initial defendant debtor, Hickman. As the initial plaintiff, Alpine is not a defendant who can remove the case. Further, Alpine did not raise a federal question in its petition, and the only basis for federal jurisdiction is Hickman's counterclaim under the FDCPA. Since a counterclaim cannot create federal jurisdiction, this court lacked jurisdiction to enter summary judgment in favor of Alpine. That judgment must be altered, amended and/or vacated and the case must be remanded.

As a fallback position, Alpine argues that the realignment of the parties resulted in Alpine becoming a proper defendant for removal. (Doc. 30 at 4). Here again, the Arrow Financial case prevents such a result. There, like here, Arrow argued that because it had dismissed its Petition, the parties should be realigned, making them "defendants" for the removal statute. Arrow Financial, 2011 WL 9158435 at *3. Judge Whipple soundly rejected this argument, noting realignment would eviscerate the well-pleaded complaint rule, manufacture federal jurisdiction and would constitute forum-shopping. Id. at *4.

Here, realignment has occurred. (Doc. 11). The dangers of realignment that Judge Whipple warned of, however, remain. If this case remains in federal court because the parties were "realigned" to make Alpine the defendant, Alpine will have successfully eviscerated the well-pleaded complaint rule and manufactured federal jurisdiction in a case where no jurisdiction exists. If allowed to stand, such actions will encourage forum shopping in future cases. Hickman's counsel knows that this Court's Order granting summary judgment (Doc. 27) is already being circulated among the debt collection plaintiffs' bar. Debt collection plaintiffs, after filing in state court and being met with FDCPA counterclaims, will be encouraged to dismiss

their petitions, move for realignment and remove their cases to federal court. The only way to prevent this result is remand this case to state court, where it was initiated by Alpine.

B. **The doctrine of *stare decisis* dictates this Court adopt Judge Whipple's reasoning and holding in <u>Arrow Financial.</u>**

In its Response, Alpine acknowledges that as a general rule a counterclaim defendant may not remove a case to federal court, but cites several decisions from other jurisdictions where courts found exceptions when the counterclaim remained the sole pending claim before the state court prior to removal. (Doc. 30 at 4)(listing cases). Critically, none of those cases are from the United States District Court for the Western District of Missouri, or even from jurisdictions within the Eighth Circuit. Judge Whipple's Order in <u>Arrow Financial</u> is a prior ruling, on an identical question of law, by a coordinate Court in the same district. Applying the doctrine of *stare decisis* and adopting Judge Whipple's opinion ensures that the decisions of this district on this question of law are consistent and predictable.

C. **Subject matter jurisdiction cannot be waived and Alpine is not prejudiced by remand.**

In its final point, Alpine argues that Hickman's conduct after removal constitutes a waiver and that Alpine would be prejudiced by remand. (Doc. 30 at 4-5) These points are without merit.

For one, as noted in Hickman's initial brief, subject matter jurisdiction cannot be forfeited or waived by a party. (Doc. 29 at 5 (citing <u>U.S. v. Cotton</u>, 535 U.S. 625, 630 (2002) and other cases)).

Alpine will not be prejudiced by remand. Alpine confidently asserts there is "nothing to suggest . . . that a different result will occur in state court." (Doc. 30 at 5). Taking this statement

at face value, Alpine can immediately move for summary judgment in state court if it so desires, and may obtain the same result. However, the proper court to make decision is a state court with subject matter jurisdiction over this matter, not this federal Court.

**D.     Conclusion**

Federal courts are courts of limited jurisdiction. <u>Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic,</u> *P.A.,* 551 F.3d 812, 816 (8th Cir. 2009). Importantly, the federal removal statute must be strictly construed and all doubts about removal must be resolved in favor of remand. <u>Arrow Financial</u>, 2011 WL 9158435 at *2 (citation and footnote omitted). , as in the <u>Arrow Financial</u> case, removal was improper and this court lacks subject matter jurisdiction. The case must be remanded.

**WHEREFORE,** for all the reasons set forth, and set forth in Hickman's initial Motion (Doc. 29), the judgment in favor of Alpine must be altered, amended and vacated. Further, the Case must be remanded to the Circuit Court of Polk County, Missouri, for further proceedings.

**Respectfully Submitted,**

**DOUGLAS, HAUN & HEIDEMANN, P.C.**
111 West Broadway, P. O. Box 117
Bolivar, Missouri 65613-0117
Telephone:  (417) 326-5261
Fax:  (417) 326-2845
Email:  dbrown@bolivarlaw.com

By   /s/ Donald M. Brown
     **Donald M. Brown**
     Missouri Bar No. 57652

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing document has been served upon all necessary parties through the ECF filing system contemporaneously with filing the same on the 5th day of November, 2012.

                                        By____/s/ Donald M. Brown_____