# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOY HICKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-1236-CV-S-MJW |
| | ) | |
| ALPINE ASSET MANAGEMENT GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On October 1, 2012, plaintiff Joy Hickman (hereinafter "Hickman") filed a motion to alter, amend or vacate order on motion for summary judgment and motion to remand. On October 18, 2012, defendant, Alpine Asset Management Group, L.L.C. (hereinafter "Alpine"), filed suggestion in opposition. Plaintiff filed a reply in support of her motion on November 5, 2012.

Hickman's motion argues that federal question jurisdiction was not established in this case, and therefore, removal of this case by Alpine was improper. Hickman seeks for this Court to vacate its order granting defendant Alpine's summary judgment motion, and to remand this case to state court for further proceedings.

## Background

On December 9, 2011, Alpine filed a notice of removal with this Court. The notice of removal was filed pursuant to 28 U.S.C. § 1441. Alpine stated in support of removal that the only remaining claims in the state court action were that of Hickman against Alpine, which gave this Court federal question jurisdiction. Specifically Alpine asserted that it had dismissed its claims against Hickman in the state court proceedings, and that Hickman's counterclaims against Alpine, which included allegations that Alpine had violated the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., were the only remaining claims in the state court case. Alpine asserted that such claims against it provided a proper basis for federal

jurisdiction under 28 U.S.C. § 1331. Hickman did not file any opposition to the removal of the action from state court to federal court.

On December 21, 2011, Alpine filed a motion seeking realignment of the parties. In support of the motion, Alpine asserted that at the time this case was removed, the only claims in the state court case were that of Hickman against Alpine. Specifically, Alpine stated it had dismissed its claims against Hickman in the state court proceeding prior to removal, and that despite such dismissal, Hickman continued with her claims against Alpine. Accordingly, Alpine requested that Hickman be properly designated as the plaintiff in this federal action, and Alpine designated as the defendant. Hickman filed no objection to the motion. Upon consideration, this Court granted Alpine's motion on April 16, 2012, noting Hickman's failure to file an objection to the request and case law which supported the realignment.

On June 6, 2012, Alpine filed a motion for summary judgment. On July 9, 2012, Hickman filed suggestion in opposition, and Alpine filed reply suggestions in support on July 26, 2012. Upon review, this Court granted Alpine's motion for summary judgment finding there was no dispute of material fact, and that as a matter of law, Alpine had not violated the Fair Debt Collection Practices Act as alleged by Hickman.

## Discussion

The burden rests with Alpine to demonstrate removal in this case was proper. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Traditionally, any doubts as to the propriety of removal are resolved in favor of state court jurisdiction. Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007). However, federal courts should "be equally vigilant to protect the right to proceed in Federal court as to permit the state courts, in proper cases to retain their own jurisdiction." Wrecker v. Nat'l Enameling & Stamping Co., 204 U.S. 176, 186 (1907).

In the case at hand, the sole pending issue at the time of removal was a question regarding the application and interpretation of federal law, specifically the Federal Debt Collection Practices Act (FDCPA). The only allegations were claims Hickman asserted against Alpine. Based on these facts, as discussed in detail below, this Court finds that this Court has subject matter jurisdiction in this case and the order granting summary judgment was properly entered.

Removal/Federal Question Jurisdiction

Whether removal was proper is based on statutory interpretation.

Section 1441(a), Title 28, United States Code, states that generally "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ., to the district court. . . ."

Sections 1331-32 of Title 28 provide that the federal courts have original jurisdiction of all civil actions arising under the Constitution and laws of the United States, or where there is a diversity of citizenship between the parties with an amount in controversy exceeding the sum or value of $75,000.

Sections 1441, et seq., provide the specifics governing the requirements and procedure for removal of a state court action to federal court. These sections state that a defendant may remove a civil action from state court by filing a notice of removal within 30 days after receipt by the defendant through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. If the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Section 1447 provides the procedure to be followed after removal. This procedure includes the requirement that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Section 1447(c).

In applying the statutory requirements for removal to the present case, this Court finds that Alpine followed the correct procedure as set forth by statute in removing this case to federal court. Alpine properly asserted a basis for federal court jurisdiction by asserting federal question jurisdiction, pursuant to section 1331. Specifically, Alpine alleged that after dismissing all of its claims in the state court action, Hickman continued with her claims against Alpine, alleging violation of federal law under the Fair Debt Collections Act (FDCPA), 15 U.S.C. § 1692, et seq. Alpine alleged that this sole remaining claim of Hickman's against Alpine alleging violation of the FDCPA made the claims removable to federal court. See Watson v. NCO Group, Inc., 462 F. Supp. 2d 641, 646 (E.D. Pa. 2006) (federal courts have original jurisdiction to entertain claims

arising under the FDCPA). While Hickman now contests the removability of her FDCPA claims against Alpine, she does not contest these facts or that a claim under the FDCPA presents federal question jurisdiction.

Hickman argues that the litigation history in this case forbids removal because removal jurisdiction cannot be based on a federal question asserted in a claim that was originally made as a counterclaim. While this general principle is correct, Hickman fails to account for the unique facts of this case that make application of the law to this case different.

In this case, although Hickman's FDCPA claims against Alpine were originally counterclaims made by Hickman against Alpine in a state court debt collection proceeding and, therefore, were not initially removable, the nature of these claims changed when Alpine dismissed all claims against Hickman and Hickman continued with her claims against Alpine. When Hickman's claims against Alpine seeking damages were the only claims in the pending state court case, the original state court designations of Alpine as the plaintiff and Hickman as the defendant became nominal only. At this point, Hickman was substantively the plaintiff and Alpine was substantively the defendant. Section1441(a) provides that a defendant may remove a case from state court to federal court; the statute does not state that a party who was previously a plaintiff in a state court case cannot become a defendant in a state court action where the facts resemble this case. Hickman's argument that her claims against Alpine remained counterclaims, despite Alpine dismissing all its claims in the state court case, is not persuasive. See Stewart v. Bureaus Investment Group #1, 2011 WL 2313213 (M.D. Ala. June 10, 2011) ("removal by a realigned defendant based upon a pleading originally filed as a counter-complaint is proper"; motion to remand denied). Should this case have continued in state court, there is no question that the state court would have granted a motion to realign the parties to properly designate the interest of Hickman as the plaintiff and Alpine as the defendant.

Hickman's cite to Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941), does not support her argument that the sole remaining FDCPA claim in this case was not removable. The Shamrock case established the general rule of law for removal under section 1441(a) which restricted removal to defendants. However, this restriction that defendants were the only parties which could remove a case to federal court did not establish that once a plaintiff in a state court action, always a plaintiff, or that once a defendant always a defendant. Rather, the facts of the Shamrock case stand for the rule of law that when a plaintiff in a state court action is a true

4

plaintiff with claims pending against the defendant of the state action, the plaintiff cannot remove his or her case to federal court based on the counterclaims made by a defendant in the case. See Shamrock, 313 U.S. at 100-08 (removal was improper where party designated as the plaintiff, who had pending claims against the defendant in the state court action, removed the case to federal court based on a counterclaim of the defendant). Thus, the holding of Shamrock does not undermine subject matter jurisdiction under section 1441(a), where the original state-court plaintiff has dismissed all claims in the state court case prior to removal. Hickman's argument that her claims continued to be counterclaims after Alpine dismissed all claims against her is not persuasive. See Stewart at *2 (noting limitation of Shamrock holding as applied to state-court plaintiff who was only nominally a plaintiff and was, in substance, a defendant).

Hickman's cite to the well-pleaded complaint rule also does not preclude this Court's jurisdiction under section 1441(a). The well-pleaded complaint rule states that a court must look at the well-pleaded complaint of the case when determining whether the court has jurisdiction. See Adventure Outdoors v. Bloomberg, 552 F.3d 1290, 1295 (11th Cir. 2008). Here, while Hickman's claims were originally alleged in counterclaim form, the "failure to refile her counterclaims on a recaptioned document [titled complaint] hardly renders her claims suddenly unknowable, and certainly does not render the action unremovable." Passmore v. Discover Bank, 2012 WL 2332233 *1 (N.D. Ohio, June 14, 2012).

In sum, this Court finds Hickman's assertion that her claims against Alpine remained counterclaims against Alpine, even after Alpine dismissed all claims against Hickman, to be unpersuasive. The law does not support that once a counterclaim, always a counterclaim, or that once a plaintiff always a plaintiff. Rather, "the notice of removal creates a jurisdictional snapshot of a case to which a federal court looks to determine federal jurisdiction." Stewart at *3. See also Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d at 1294-95 (jurisdictional facts are assessed on the basis of the plaintiff's complaint as of the time of removal). Here, the snapshot of the state court case at the time it was removed clearly showed that Alpine had no claims against Hickman, and that the only claims in the case were Hickman's FDCPA claims against Alpine. This snapshot provided a proper basis for removal and for this Court's exercise of federal question jurisdiction.

5

Case 6:11-cv-01236-MJW   Document 32   Filed 01/29/13   Page 5 of 8

Realignment of the Parties

The realignment of the parties in this case was granted at the request of Alpine. Hickman did not dispute the realignment.

Any realignment that may be granted by the federal court must be done in light of the overriding and predominate purpose of the lawsuit at the time it was removed to federal court. See Anderson v. Khanna, 2011 WL 6075896 *5 (S.D. Iowa. 2011) (citing Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001)). The state court's designations prior to the case being removed are not a binding authority on the federal court.[1] See Andersen at *5 (citing generally City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 70 (1941)); Ryan ex rel. Ryan at 819). Realignment is properly granted by the federal court when it is based on the real interests of the parties, regardless of labels placed upon the parties by litigants themselves or the state court. Hriv Hrivnak v. NCO Portfolio Mgmt., Inc., 723 F. Supp. 2d 1020, 1024 (N.D. Ohio 2010) (realignment in federal jurisdiction case proper when done for purposes of properly aligning parties based on their sides of the dispute).

In this case, the only remaining claims in the state court case at the time it was removed from state court to federal court by Alpine were allegations by Hickman against Alpine regarding violations of the FDCPA. The primary and only dispute in the case at the time of removal was Hickman's claims against Alpine. Accordingly, it was proper to grant Alpine's request to designate Hickman as the plaintiff and Alpine as the defendant. This change in designation properly aligned the parties according to their sides of the dispute and interests in this action at the time it was removed. See Farmers Alliance Mutual Insurance Co. v. Jones, 570 F.2d 1384, 1387 (10th Cir. 1978) ("In diversity suits, courts will scrutinize the interests of the parties in order to determine if their positions as plaintiffs and defendants conform to their real interests. When appropriate, parties will be realigned; however, this is to be done only after real rather than apparent interests have been ascertained.").

---

[1] Had the claims of Hickman against Alpine continued in the state court proceeding, certainly the state court would have granted a motion to realign the parties to properly designate the interests of Hickman and Alpine in the case.

6

Prior Cases

As for the precedential effect of Arrow Financial Services, L.L.C. v. Williams, 2011 WL 9158435 (W.D. Mo. Jan. 20, 2011), argued by Hickman, this Court finds the instant case and the Arrow case are factually distinguishable.

First, in the instant case, Hickman did not oppose the removal or the realignment of the parties, and filed a motion to remand only after summary judgment was granted in favor of Alpine on the merits of Hickman's claims against Alpine. These facts are incompatible with those considered in Arrow where opposition to removal and realignment was promptly filed and the federal court made no findings on the merits of the claims.

Second, the facts in the instant case do not support a concern of forum shopping by Alpine. There was no attempt by Alpine to reassert their state law debt collection claims against Hickman upon removal of this case to federal court. In fact, the only claims adjudicated in federal court were Hickman's federal law claims under the FDCPA against Alpine, and Alpine received no resolution of its debt collection claims previously asserted and dismissed in state court. Alpine was not able to forum shop on its state law debt collection claims against Hickman because these claims were not adjudicated by the federal court. Thus, Hickman's argument that this Court's order granting summary judgment on Hickman's FDCPA claims against Alpine allowed Alpine to forum shop and will encourage forum shopping by the debt collection plaintiffs' bar is simply without merit. In fact, Hickman's actions in the instant case would suggest forum shopping by Hickman more so than Alpine's removal of this case to federal court.

Prejudice

Hickman's argument that Alpine would not suffer prejudice if this Court altered, amended or vacated its order granting summary judgment in favor of Alpine and remanded this case to the state court for further proceedings is simply contrary to the obvious. Forcing Alpine to again defend against Hickman's FDCPA claims, after the federal court has already resolved the claims in Alpine's favor, is highly prejudicial.

## Conclusion

Hickman's motion seeking this Court to vacate the order granting summary judgment in favor of Alpine, and remand this case to state court for further proceedings is an attempt by Hickman to relitigate her FDCPA claims in state court in hopes of obtaining a more favorable judgment than that obtained in federal court. There is not a compelling legal basis on which this

7

Court should alter, amend or vacate the previous order granting Alpine's motion for summary judgment, or remand this case to state court for further proceedings.  The law supports that this Court had federal question jurisdiction in this case and had proper authority to grant summary judgment on Hickman's claims against Alpine under the FDCPA.

IT IS, THEREFORE, ORDERED that plaintiff Joy Hickman's motion to alter, amend, or vacate order on motion for summary judgment and motion to remand are denied.  [29]

Dated this 29th day of January, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge